No. 93.—PAUL J. SEMMES, and others, plaintiffs in error, *vs.* RAPHAEL J. MOSES, and others, defendants in error.

A Deed of Trust being taken on a variety of property, to secure the payment of a bond debt, and a portion thereof having been sold to satisfy a judgment at law, under notice at the time, that it was sold subject to the trust lien; and the Trustee having proceeded afterwards to resell the property so purchased, without exhausting first that which remained undisposed of in the hands of the debtor:

*Held,* 1. That the whole of the property included in the Trust Deed is to be regarded as subject to the amount of money due upon the bond debt. 2. That if the property sold brought what it was fairly worth, then it should not be disturbed until the balance of the property embraced in the Trust Deed be sold. 3. Then should there still be a deficiency, the property first sold must make up the difference. 4. If the property sold would, at its fair worth, to be ascertained at the time of sale, in addition to what has already been paid for it, extinguish the bond debt, then it shall bear the whole burthen of discharging that indebtedness. 5. If however, at its fair worth, it would fall short of satisfying the outstanding incumbrance, then the property unsold should contribute its *pro-rata* proportion of said lien.

In Equity, in Muscogee Superior Court. Before Judge WORRILL, at Chambers, 2d January, 1857.

Motion to dissolve injunction upon the coming in of the answer.

This bill was filed by Paul J. Semmes, George W. Winter, Seaborn Jones, John L. Mustian, Richard Patten, and James W. Warren, against the Coweta Falls Manufacturing Company, and Raphael J. Moses, William A. Redd, and Henry H. Epping, Trustees, to enjoin and restrain said Trustees from selling certain property.

The bill alleges, that said Company on —— day of May, 1852, executed a certain deed of Trust, to said Moses, Redd, and Epping, by which it conveyed to them as Trustees for securing the payment of certain bonds mentioned in said deed, a certain lot in the city of Columbus, known as lot No. 1, in the Water Lot Company survey, with the improvements thereon; and lot No. 191, in the plan of said city, with

the improvements on the same, and a large quantity of machinery and tools.

The bill further states that the bonds made by said company and now remaining due, amount to about $10;600, besides interest.

That Farish Carter recovered judgment against said company for the sum of $4,834 99 principal, $643 99 interest; and on the 2d July 1855, execution was issued on said judgment and levied on the property contained in said Trust Deed. At the sale by the sheriff on the 1st Tuesday in November, 1855, lot No. 1, was sold and bid off by complainants for the sum of eight thousand six hundred dollars.

That this amount being more than sufficient to satisfy Carter's execution, no other property was sold by the Sheriff. That at the sale, public notice was given of the Deed of Trust and the bonds, and that the property levied on was sold subject to the same.

That said are Trustee sabout to sell under and by virtue of said Deed of Trust, lot No. 1, thus purchased by complainants at sheriff sale, in order to pay off and satisfy said bonds; and the bill claimed and insisted that said Trustees should first sell the other and remaining property contained in said deed, before coming on that portion bought by complainants, and prayed for an injunction, &c.

Defendants answered the bill, admitted most of its allegations, but insisted that the lot purchased by complainants was sold subject to the bonds and in consequence thereof, was bought at and for a sum far below what it would otherwise have brought, and that in justice and equity, the same was subject to be first sold to satisfy said bonds.

Upon the coming in of the answer, defendants moved to dissolve the injunction, on the ground that the equity of the bill was denied and sworn off by the answer.

The Judge refused the motion and held up the injunction, and defendants by their counsel excepted.

Semmes et. al. vs. Moses et. al.

DOUGHERTY and HOLT, for plaintiffs in error.

WELLBORN-JOHNSON & SLOAN, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We do not design in this opinion to disturb, either the doctrine in *Cumming and others, in 3d. Kelly, or Lawton and others in* 18. *Ga. Reports.* Those cases are consistent with each other; and neither of them conflict with this.

The difficulty in this case, originates in the doubt as to what the purchasers supposed they were buying: and that fact will depend in a great measure—in this, as in any other case, where property is sold under a lien—upon the price paid for it. One of the grounds of equitable interposition here is, the probability from the statements and professional opinion entertained and expressed at the time of the sale, that the trust debt would have to be collected out of the property remaining unsold in the hands of the debtor, and hence they were induced to pay more for it—possibly its fair value—supposing they were getting it free from the outstanding encumbrance. This makes an investigation necessary. Because if there be equity in this case, it consists in the foregoing view of it. We will state briefly what we understand to be the true principles that should control and regulate this matter.

The whole of the property included in the Trust Deed, is to be regarded as subject to the amount of money due upon the bond debts. If the property sold brought what it was fairly worth, then it should not be disturbed, until the rest of the property embraced in the Trust Deed be sold. Then should there still be a deficiency, the property first sold must make it up. For it was bought subject to this lien. And when the balance is sold under the deed, it will be sold free from any lien, and the purchaser will take an absolute title. If the property sold would at its fair worth—to be ascertained at the time of sale—in addition to what has already been paid

for it, extinguish the bond debts, then it should bear the whole burthen of discharging that indebtedness.   If however at its fair worth, it would fall short of satisfying the outstanding encumbrance, then the property unsold should contribute its *pro-rata* proportion of said lien.   And for the purpose of carrying out these views, and having the equities of the parties fully determined under the present proceeding, the *cestui que trust* of the bond debt should be made a party to the bill.   It should be further amended by distinctly alleging what was the value of the property purchased by complainants, as well as that which remained in the possession of the debtor, to be ascertained at the time of the Sheriff's sale.

Judgment affirmed.